# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: January 5, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| T.M., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-119V |
| v. | * | |
| | * | Special Master Dorsey |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Motion for Redaction. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

Anne Carrion Toale, Maglio Christopher & Toale, P.A., Sarasota, FL, for Petitioner.
Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER GRANTING PETITIONER'S MOTION FOR REDACTION[1]

On December 28, 2022, Petitioner filed a motion to redact the undersigned's December 19, 2022 Ruling on Damages. Petitioner's Motion to Redact ("Pet. Mot."), filed Dec. 28, 2022 (ECF No. 75). For the following reasons, Petitioner's motion is **GRANTED**.

### I.     RELEVANT PROCEDURAL HISTORY

On January 23, 2019, T.M. ("Petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS")

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Order are to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

as a result of an influenza ("flu") vaccine administered to her on October 19, 2017. Petition at 1-2 (ECF No. 1).

On December 19, 2022, the undersigned issued a Ruling on Damages. Ruling on Damages dated Dec. 19, 2022 (ECF No. 74).

On December 28, 2022, Petitioner filed a motion to redact her name to initials in the December 19, 2022 Ruling on Damages.[3] Pet. Mot. at 2. Petitioner requests her name be redacted and replaced with her initials because the Ruling "described private aspects of Petitioner's medical condition that would not be obvious to an outside observer." Id. Petitioner is also a banker with a later national bank, and clientele and other professionals may "Google" her for business contact purposes. Id. at 3. "Because she does not otherwise have a significant Internet presence, it is very likely that this decision will appear prominently in any such search. As a professional in the financial services industry, it would be harmful to her both professionally and personally to have her private, intimate life details on the Internet." Id. Petitioner further explained her request to redact her name to initials "is the simplest way to protect Petitioner from harm, while affording the public access to the Court's substantive analysis of the evidence, injury and vaccination at issue herein." Id. at 5.

Respondent filed a response to Petitioner's motion on January 5, 2023. Respondent's Response to Pet. Mot. ("Resp. Response"), filed Jan. 5, 2023 (ECF No. 76). Respondent stated he "defers to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance." Id. at 5.

This matter is now ripe for adjudication.

**II.    DISCUSSION**

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See § 12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing Petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

---

[3] Petitioner's motion also "requests redaction of her name to initials in the May 12, 2022, Ruling on Entitlement." Pet. Mot. at 2. However, there is no filing from May 12, 2022, and the Ruling on Entitlement issued on September 3, 2020. The undersigned believes this request was an error.

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if a petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

The facts and circumstances of this case warrant redaction of Petitioner's name to initials. Petitioner made an adequate showing for redaction. **Accordingly, Petitioner's motion for redaction of her name to initials in the Ruling is GRANTED.**

Thus, the public version of the Ruling on Damages shall be redacted to include only Petitioner's initials, T.M. Moreover, the undersigned further directs the clerk to amend the case caption[4] to the following:

```
* * * * * * * * * * * * *   *
T.M.,                       *
                            *
        Petitioner,         *
                            *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
        Respondent.         *
                            *
* * * * * * * * * * * * *   *
```

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[4] If either party objects to the undersigned's redaction of the case caption, a motion requesting the undersigned to reconsider redaction of the case caption may be filed.